IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERATION FOR AMERICAN IMMIGRATION REFORM, 25 Massachusetts Ave., NW, Suite 330, Washington, D.C. 20001,<br><br>Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION, 6401 Security Boulevard, Baltimore, MD 21235,<br><br>Defendant. | Civil Action No. |

## COMPLAINT

Plaintiff Federation for American Immigration Reform ("FAIR") brings this action against the Social Security Administration ("SSA") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges the following grounds:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff FAIR ("Plaintiff") is a non-profit educational foundation organized under the laws of the District of Columbia and having its principal place of business at 25

Massachusetts Ave., NW, Suite 330, Washington, DC 20001. Plaintiff seeks to educate the citizenry on and increase public awareness of immigration issues, and hold the nation's leaders accountable for enforcing the nation's immigration laws. In furtherance of its public interest mission, Plaintiff regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant SSA is an agency of the U.S. Government and is headquartered at 6401 Security Boulevard, Baltimore, MD 21235. SSA has possession, custody, and control of certain public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On March 7, 2018, Plaintiff submitted a FOIA request by online FOIA portal to SSA, seeking access to the following public records:

> 1) All emails and documents relating to SSA's decision-making process to halt decentralized correspondence (DÉCOR) and educational correspondence (EDCOR) notices or no-match letters being sent to employees, employers, and self-employed workers from January 1, 2011 through August 23, 2012.
>
> 2) Any and all records relating to the budgetary costs associated with SSA sending DECOR and EDCOR notices or no-match letters to employees, employers, and self-employed workers.
>
> 3) Since SSA discontinued sending DECOR and EDCOR notices or no-match letters, how many annual wage reports (IRS W-2 Forms/Wage and Tax Statement) have been identified by the SSA in which SSA was unable to resolve the names and/or Social Security number discrepancies in each calendar year from 2012 through 2017 and what were the Social Security earnings from the wage reports that went into the Earnings Suspense File for these employees?

6. SSA's online FOIA portal sent Plaintiff an automatic reply acknowledging the FOIA request and assigning it the tracking number SSA-2018-001789.

7. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), SSA was required to determine whether to comply with Plaintiff's FOIA request within twenty (20) working days after receipt of each

request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Accordingly, SSA's determination of Plaintiff's FOIA request was due by April 5, 2018, at the latest.

8. As of the date of this Complaint, SSA has failed to: (i) determine whether to comply with Plaintiff's FOIA request; (ii) notify Plaintiff of any such determinations or the reasons for such determinations; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

9. Because SSA has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A) with respect to the FOIA request, Plaintiff is deemed to have exhausted any and all administrative remedies with respect to the request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## **COUNT 1**
(Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

12. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request, and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive

records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  April 12, 2018                                  Respectfully submitted,


/s/ Julie B. Axelrod
D.C. Bar No. 1001557
Immigration Reform Law Institute
25 Massachusetts Ave., NW, Suite 335
Washington, DC 20001
Telephone: 202-232-5590
FAX (202) 464-3590
Email: jaxelrod@irli.org